UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA A. DURHAM,

    Plaintiff,                                              Case No. 12-CV-14039

vs.                                                    HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 19) DATED SEPTEMBER 13, 2013, (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 14), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 18), AND (4) REMANDING THE CASE**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Mark A. Randon, issued on September 13, 2013. (Dkt. 19.) In the R&R, the Magistrate Judge recommends that Plaintiff's motion for summary judgment (Dkt. 14) be granted, Defendant's motion for summary judgment (Dkt. 18) be denied, and the case remanded to the Commissioner of Social Security to determine (i) the amount of weight to afford to the August 13, 2010 opinion of Dr. Gerald R. Schell, Plaintiff's treating physician, and (ii) whether the functional limitations articulated by Dr. Schell should have been included in the hypothetical to the vocational expert. See R&R at 19.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-4 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, the Court grants Plaintiff's motion for summary judgment (Dkt. 14), denies Defendant's motion for summary judgment (Dkt. 18), and remands the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

SO ORDERED.

Dated: October 18, 2013                    s/Mark A. Goldsmith
Flint, Michigan                            MARK A. GOLDSMITH
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 18, 2013.

                                           s/Deborah J. Goltz
                                           DEBORAH J. GOLTZ
                                           Case Manager